**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **KEVIQUE TECHNOLOGY, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **LINSAY, -ART IN DIGITAL TECHNOLOGY-** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT FOR INFRINGEMENT OF PATENT

COMES NOW, Plaintiff Kevique Technology, LLC ("Kevique" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1.     This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Linsay, -Art In Digital Technology- (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Kevique, from U.S. Patent No. 7,808,483 (the "'483 patent") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2.     Plaintiff Kevique is a Texas entity with its principal place of business at 6401 Eldorado Pkwy, Suite 1000, McKinney, TX 75070.

3.     Upon information and belief, Defendant is a company with its principal place of business at 9801 Collins Ave., Bal Harbour Florida 33154.

**JURISDICTION AND VENUE**

4.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5.     Defendant is subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Upon information and belief, Defendant, directly and/or through its distribution network, places accused devices, as defined below, within the stream of commerce, with the knowledge and/or understanding that such accused devices will be sold in this District. Upon information and belief, Defendant has engaged in substantial and not isolated activity within this District. Therefore, exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Texas long-arm statute.

6.     Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that infringe the '483 patent.

7.     Specifically, Defendant solicits business from and markets its services to consumers within Texas, including the geographic region within the Eastern District of Texas, by offering electronic products comprising moving a graphical object including a display device, a

processor configured to control movement of a graphical object in the display device, and an input device that includes a sensor for sensing movement of the input device and generating a first signal indicating the sensed movement and an input element for generating a second signal when operated.

8.      In addition, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling devices that fall within the scope of at least one claim of the '483 patent.

9.      Venue lies in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL ALLEGATIONS

10.      On August 21, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '483 patent, entitled "System and Method for Processing a Voice Mail" after a full and fair examination.

11.      The '483 patent contains three (3) independent claims and seventeen (17) dependent claims.

12.      Kevique includes a true, accurate, correct, and legible copy of the '483 Patent as **Exhibit A** of this Complaint and incorporates it by reference herein, making it part of the Complaint for all legal, procedural, and/or evidentiary purposes.

13.      Kevique is presently the owner of the '483 patent, having received all right, title and interest in and to the '483 patent from the previous assignee of record. Kevique possesses all rights of recovery under the '483 patent, including the exclusive right to recover for past infringement.

14.     The invention claimed in the '483 patent is directed to a system and method for moving a graphical object including a display device, a processor configured to control movement of a graphical object in the display device, and an input device that includes a sensor for sensing movement of the input device and generating a first signal indicating the sensed movement and an input element for generating a second signal when operated.

## DEFENDANT'S PRODUCTS

15.     Defendant's products, such as the "LINSAY 10.1" (the "Accused Instrumentality"), comprise a computer input device. For example, the Accused Instrumentality includes a computer input device comprising a sensor (e.g., an G-sensor) and an input element (e.g., a touchscreen).

16.     The Accused Instrumentality comprises a sensor configured to sense movement of the input device and, for each sensed movement, generates a respective first signal indicating the respective sensed movement. For example, the G-sensor is configured to sense rotation of the Accused Instrumentality and generates a respective first signal indicating the respective sensed movement (e.g., rotation).

17.     The Accused Instrumentality comprises an input element configured to generate a second signal when operated. For example, the touch display is an input element configured to generate a second signal when operated.

18.     The Accused Instrumentality is adapted for transmitting data to a processor thereby instructing the processor to move a graphical object in a direction corresponding to a direction of the movement indicated by the respective first signal. For example, the Accused Instrumentality can be rotated into landscape/portrait view, by selecting/deselecting the Auto-rotate screen option, as required. The first signal generated by the G-sensor, when sensing

movement, is transmitted to a processor of the Accused Instrumentality for instructing the processor to move a graphical object in a direction corresponding to the movement indicated by the respective first signal.

19.     The Accused Instrumentality operates such that, in a response to the generation of the second signal, either responsiveness to the first signal by the processor may be inhibited or correspondence of movement of the graphical object to the movement indicated by the first signal may be reversed. For example, a user can use the touch display in the display screen to tap the Auto-rotate screen icon to turn off the screen rotation.

20.     The Accused Instrumentality include functionality of the input element for causing the one of the (a) inhibition of the responsiveness and (b) reversal in correspondence is provided on an application-by-application basis, such that the functionality is conditional upon that the graphical object being in an active display environment of one of a predefined subset of a plurality of applications when the input element is initially activated. For example, the functionality for causing the inhibition of the responsiveness (e.g., causing the settings panel to not rotate when the Auto-rotate screen icon is tapped by touch) is provided on an application by application basis, as the graphical object is in an active display environment of the settings application, which is one of a predefined subset of a plurality of applications for the Accused Instrumentality. Further, the functionality for causing the inhibition of the responsiveness (e.g., causing the quick settings panel to not rotate when the Auto-rotate screen icon is tapped by touch) is provided on an application by application basis, as this functionality is not applicable in some other environments (e.g., camera, games, or third party applications).

21.     The elements described in paragraphs 15-20 are covered by at least claim 1 of the '483 patent. Thus, Defendant's use of the Accused Instrumentality, including the use by

Defendants' customers and employees, is enabled by the system and method described in the '483 patent.

## INFRINGEMENT OF THE '483 PATENT

22.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 21.

23.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '483 patent.

24.     Defendant has had knowledge of infringement of the '483 patent at least as of the service of the present complaint.

25.     Defendant has directly infringed and continues to directly infringe at least claim 1 of the '483 patent by making, using, offering for sale, and/or selling the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '483 patent, Plaintiff has been and continues to be damaged.

26.     By engaging in the conduct described herein, Defendant has injured Kevique and is thus liable for infringement of the '483 patent, pursuant to 35 U.S.C. § 271.

27.     Defendant has committed these acts of infringement without license or authorization.

28.     As a result of Defendant's infringement of the '483 patent, Kevique has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

29.     Kevique will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Kevique is entitled to compensation for

any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

30.     Kevique demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Kevique prays for the following relief:

a.     That Defendant be adjudged to have directly infringed the '483 patent, either literally or under the doctrine of equivalents;

b.     That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '483 patent;

c.     An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Kevique for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

d.     An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e.     That Defendant be directed to pay enhanced damages, including Kevique's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

   f.  That Kevique have such other and further relief as this Court may deem just and proper.

Dated: January 27, 2017       Respectfully Submitted,

            By: */s/Eugenio J. Torres-Oyola*
            Eugenio J. Torres-Oyola
            USDC No. 215505
            **Ferraiuoli LLC**
            221 Plaza, 5th Floor
            221 Ponce de León Avenue
            San Juan, PR 00917
            Telephone: (787) 766-7000
            Facsimile: (787) 766-7001
            Email: etorres@ferraiuoli.com

            Jean G. Vidal Font
            USDC No. 227811
            **Ferraiuoli LLC**
            221 Plaza, 5th Floor
            221 Ponce de León Avenue
            San Juan, PR 00917
            Telephone: (787) 766-7000
            Facsimile: (787) 766-7001
            Email: jvidal@ferraiuoli.com

            **ATTORNEYS FOR PLAINTIFF**
            **KEVIQUE TECHNOLOGY, LLC**